Dade, J.
delivered the opinion of the Court.
.This case involves the principal question which we have just • decided in the ease of Anderson v. The Commonwealth, and upon those grounds, it will not, therefore, be now discussed. If the presentment be of a single act of fornication, without'other circumstances, then it clearly falls within the statute for the punishment of adultery and fornication, under which there is no doubt an Information
And "with respect to the punishment of seduction, as being an offence cojiti'a bonos mores, there does not appear to be a single authority for such a prosecution in the English Courts, unless where it is accompanied by conspiracy, or the like; hut, civil prosecutions for these offences, are known to be very common.
*635 might bo filed, and there is as little doubt that it could not be prosecuted as a mere common law misdemesnor. But, if by the charge of cohabitation “ as man and wife,” is intended, as we presume it is, that these people occupied the same chamber, ate at the same board, and discharged towards each other the numerous common offices of husband and wife, then it may be said that a publicity is given io the statutory offence of fornication, which aggravates its malignity, so as to draw it within the scope of a common law prosecution. But, this we apprehend is a mistake in the premises. The act of fornication in public, would be indeed an enormous indecency, and so grossly offensive and shocking to the feelings of society, as to entitle it to severe legal animadversion. But, nothing of that sort is pretended to exist in this ease, which in truth presents nothing to the public but a number of facts, in themselves harmless and inoffensive, from which the existence of a statutory offence may be inferred. Do these inoffensive evidences of an unlawful act, in themselves constitute an offence ? Surely not. Then it has been already decided that they cannot be connected with the statutory offence, so as to make a new crime out of the combination. And therefore, we are of opinion, that no Information for a misdemesnor at common law, can be maintained on this presentment.
The following is to be entered as the judgment of the Court.
The Court is of opinion, and doth decide, that the presentment of the Grand Jury in this case, is good ground upon which to award a rule to shew cause why an Information should not he filed against the defendants for an act of fornication upon the act of Assembly', intituled “ an act for the suppression of vice, and punishing the disturbers of religious worship and sabbath-breakers,” but that it does not furnish the grounds of any Information against them as for a common law misdemesnor; which is ordered to be certified.